UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JODIE JAMES LOWERY,

    Petitioner,

v.                                                  Case No. 2:05-cv-278
                                                   HON. R. ALLAN EDGAR

LINDA M. METRISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Jodie James Lowery filed this petition for writ of habeas corpus challenging the validity of his state court conviction for second degree criminal sexual conduct. Petitioner was convicted after a jury trial and on June 6, 2002, was sentenced to a prison term of 3 to 15 years.

        Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

        Petitioner has raised the following issues in his petition:

    I. The trial court failed to make the requisite finding of necessity and placed a blackboard in the courtroom as a screen between the defendant and complainant that defendant's federal and state rights to due process to a fundamentally fair trial were violated to the extent that defense counsel failed to object on those grounds, defendant was denied the effective assistance of counsel.

    II. Defendant was denied the right to effective assistance of counsel for failing to produce witnesses, erroneous advice failure to protect defendant's rights, failure to object to hearsay and improper testimony or prosecutor misconduct.

    III. Defendant was denied the right to a fair trial by the prosecution when she elicited testimony about a polygraph, use of hearsay testimony, vouching for the victim, claimed defendant had motive to lie, commented on defendant's silence and failure to turn himself in.

    IV. Defendant was denied the right to confrontation and communicating with his lawyer.

    V. Trial court erred by denying defendant's motion for a new trial.

    VI. Petitioner's constitutional due process rights were violated where trial court excluded testimony and communication from his trial transcripts.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

       The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that Petitioner's claims should be dismissed because Petitioner procedurally defaulted each of his claims. Petitioner filed an appeal of right to the Michigan Court of Appeals raising issues regarding his confrontation rights, effective assistance of counsel, prosecutorial misconduct, and that he should receive a new trial. The Michigan Court of Appeals denied Petitioner's claims. Petitioner did not file an appeal to the Michigan Supreme Court. Petitioner filed a pro se petition for writ of habeas corpus presenting the same issues appealed in his appeal of right. The action was dismissed without prejudice to allow Petitioner to pursue his state law remedies.

Petitioner filed a motion for relief from judgment which was denied by the trial court. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal under MCR 6.508(D). The Michigan Supreme Court denied leave to appeal under MCR 6.508(D). Respondent argues that Petitioner never properly presented his claims to the Michigan Supreme Court. Petitioner argues that he exhausted his claims or attorney error caused him to fail to file an appeal in the Michigan Supreme Court after the Michigan Court of Appeals denied him his appeal of right.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit

applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

    Petitioner never appealed to the Michigan Supreme Court the Michigan Court of Appeals' denial of his appeal of right. To correct this procedural error, Petitioner attempted to file a motion for relief from judgment which was denied in the trial court and his appeals were rejected in both the Michigan Court of Appeals and the Michigan Supreme Court because Petitioner failed to "meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that

were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C.R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000).

Petitioner argues that based upon the Sixth Circuit decision in *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), a reference to 6.508(D) by the Michigan appellate courts is not sufficient to establish that the court expressly relied upon the procedural bar. Petitioner argues that the 6.508(D) reference cannot be an independent and adequate ground for precluding review. The court in *Abela* held that a general statement from the Michigan Supreme Court that the appeal was barred by MCR 6.508(D) was not a clear and express statement that the claims were procedurally barred. The Sixth Circuit distinguished *Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000), finding a procedural default where the Michigan Supreme Court used the same language dismissing the case under MCR 6.508(D). The distinguishing factor was that, unlike in *Abela,* the Michigan Court of Appeals also dismissed the action under similar MCR 6.508(D) language. In *Abela* the Michigan Court of Appeals dismissed the action for "lack of merit in the grounds presented." The Michigan Court of Appeals did not rely upon MCR 6.508(D) in dismissing the action. The Sixth Circuit concluded that the Michigan Supreme Court's reliance on MCR 6.508(D) after the Michigan Court of Appeals'

dismissal for lack of merit made it uncertain that the Michigan appellate courts relied upon a procedural bar to dismiss the action.

The Sixth Circuit has consistently upheld Michigan appellate decisions which clearly apply the MCR 6.508(D) procedural bar as preventing a petitioner from asserting a habeas action on the barred claims in federal court without a showing of cause and prejudice for the default. *Ivory v. Jackson,* 509 F.3d 284 (6th Cir. 2007*); McCray v. Metrish*, 232 Fed. Appx. 469 (6th Cir. 2007).

This case is clearly distinguishable from *Abela.* Petitioner failed to appeal the Michigan Court of Appeals' decision denying his appeal of right. The failure to file an appeal in the Michigan Supreme Court left Petitioner's claims unexhausted. Petitioner attempted to correct this first procedural error by filing a motion for relief from judgment which was clearly rejected by both Michigan appellate courts under MCR 6.508(D). MCR 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place well after. Therefore, MCR 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Petitioner clearly procedurally defaulted his claims and this court may review the merits of the claims only if Petitioner can establish cause and prejudice for his procedural default.

Petitioner claims attorney error caused him to fail to file an appeal in the Michigan Supreme Court. However, there is no independent verification that an attorney was ever involved in filing an appeal in the Michigan Supreme Court. Petitioner states in his First Amended Petition: "My father advised me when the Court of Appeals' decision was made that he was hiring an attorney. However, this attorney failed to file Application for Leave to Appeal in the Michigan Supreme Court, thus leaving me defaulted under state law." Petitioner does not provide the name

of an attorney and has not established that an attorney was ever hired on his behalf. Petitioner has made no effort to explain what he did to appeal the Michigan Court of Appeals' decision to the Michigan Supreme Court. Petitioner cannot hide behind the convenience of attorney error where the record does not show that an attorney was involved. In the opinion of the undersigned, Petitioner cannot establish cause for his procedural default. Moreover, Petitioner cannot establish prejudice. Petitioner has failed to overcome the decision of the Michigan Court of Appeals denying his appeal of right on those issues presented in his only proper appeal. The Michigan Court of Appeals' unpublished per curium opinion is a well written decision. *See People v. Lowery*, No. 235374, 2003 WL 21190662 (Mich. App. May 20, 2003) (a copy of which is attached). That decision carefully considered the federal claims presented by Petitioner. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on ground of procedural default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the grounds of procedural default. Petitioner failed to appeal his claims to the Michigan Supreme Court and the Michigan Court of Appeals and Michigan Supreme Court clearly relied upon procedural error when denying Petitioner's appeal of the trial court's denial of Petitioner's motion for relief from judgment. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 23, 2008